1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEBRA A. BERNARD,                    Case No. 2:25-cv-00511-DAD-CSK PS

12              Plaintiff,                ORDER DENYING PLAINTIFF'S MOTION
                                          TO EFILE (ECF No. 11)
13        v.
                                          FINDINGS AND RECOMMENDATIONS
14   FREEDOM MORTGAGE                     DENYING PLAINTIFF'S IFP
     CORPORATION,                         APPLICATION, GRANTING
15                                        DEFENDANT'S MOTION TO DISMISS
                Defendant.
16                                        (ECF Nos. 5, 11)

17

18          Pending before the Court is Defendant Freedom Mortgage Corporation's motion

19   to dismiss Plaintiff Debra A. Bernard's Complaint.[1] (ECF No. 5.) Plaintiff is appearing

20   without counsel. Plaintiff brings claims for alleged violations of the California Homeowner

21   Bill of Rights; alleged violations of the Real Estate Settlement Procedures Act; breach of

22   contract; alleged violations of the Fair Debt Collection Practices Act; and fraudulent

23   misrepresentation. The motion to dismiss is fully briefed. (ECF Nos. 5, 10, 14.) Pursuant

24   to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

25          Plaintiff has also filed a motion to proceed in forma pauperis and to electronically

26   file documents. (ECF No. 11.)

27   _____

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

1  For the reasons that follow, the Court ORDERS that Plaintiff's motion to

2  electronically file documents is GRANTED in part and DENIED in part. The Court

3  RECOMMENDS Defendant's motion to dismiss be GRANTED in part and DENIED in

4  part, and Plaintiff's claims against Defendant be DISMISSED. Further the Court

5  RECOMMENDS Plaintiff's motion to proceed in forma pauperis be DENIED as moot.

6  **I.      BACKGROUND**

7      **A.      Facts[2]**

8  As an initial matter, Defendant notes that Plaintiff's Complaint cites to multiple

9  exhibits, but did not include a copy of those exhibits when she filed her Complaint. Def.

10 Mot. at 2 n.2 (ECF No. 5); *see* Compl. (ECF No. 12); ECF No. 1-2. Defendant received

11 these exhibits from Plaintiff via email and attached them to the motion to dismiss. *See*

12 Def. Mot. at 2 n.2; Declaration of Sarah S. Mattingly, Exhs. A-C (ECF Nos. 5-1, 5-2, 5-3).

13 Because the Complaint filed did not include any exhibits and Plaintiff has not confirmed

14 whether the exhibits Defendant submitted are the actual exhibits to the Complaint, the

15 Court declines to consider these exhibits in ruling on Defendant's motion to dismiss.[3]

16 The motion to dismiss is therefore not converted to a motion for summary judgment.

17 Plaintiff brings her claims against Defendant for the alleged improper non-judicial

18 foreclosure of her property located at 10797 Woodring Drive, in Mather, California

19 95655. Compl. § I.A. Plaintiff alleges that she is a trustee under The DrewLove

20 Revocable Living Trust dated July 7, 2018, amended September 9, 2022, and that she

21 operates multiple businesses under this trust. *Id.* § II.1. On June 10, 2022, Plaintiff

22 executed a deferred partial claim in the amount of $63,345.64 as part of a loan

23 _____

24 [2]   These facts primarily derive from the Complaint (ECF No. 12), which are construed in
   the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec.

25 Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the
   truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559

26 F.3d 1061, 1071 (9th Cir. 2009).
   [3]   The Court also notes that certain exhibits attached to Defendant's motion to dismiss

27 have the signature blocked out, and it is unclear whether this redaction was in the
   original exhibit or has been subsequently redacted from the exhibit. *See, e.g.*, Mattingly

28 Decl., Exh. C at 8, 14, 23.

modification. *Id.* § IV.1. As part of the California Mortgage Relief Program, a partial payment of $57,885.88 was made on May 17, 2023. *Id.* The remaining balance was $5,459.76. *Id.* On April 29, 2024, Plaintiff requested a new loan modification. *Id.* § IV.2. On May 13, 2024, Plaintiff was found eligible for three programs related to mortgage payment assistance by Defendant. *Id.* § IV.3. On May 30, 2024, Plaintiff received a letter informing her that her application for loss mitigation assistance was complete and that she should expect a final decision within thirty (30) days. *Id.*

Plaintiff alleges that on May 22, 2024, she received a modification agreement package and trial plan payment agreement that contained "significant discrepancies" in the promissory note, including the dollar amounts regarding the partial claim. Compl. § IV.4. Beginning May 28, 2024, Plaintiff requested clarification about the discrepancies and sent five emails requesting information from Defendant. *Id.* § IV.5. Plaintiff alleges that Defendant failed to provide a qualified written response to Plaintiff's questions, and instead replied with "standardized auto responses." *Id.* § IV.6. On December 3, 2024, Plaintiff alleges that Defendant initiated a non-judicial foreclosure sale through Nestor Solutions. *Id.* § IV.8.

Plaintiff brings the following claims against Defendant:  violation of the California Homeowner Bill of Rights; violation of the Real Estate Settlement Procedures Act ("RESPA"); breach of contract; violation of the Fair Debt Collection Practices Act ("FDCPA"); and fraudulent misrepresentation. Compl. § V.

**B.    Procedural Posture**

Plaintiff filed this action in the Sacramento County Superior Court on January 6, 2025. *See* Compl. at 1. On February 12, 2025, Defendant removed this action to this Court based on federal question jurisdiction. (ECF No. 1 at 2.) Defendant filed its motion to dismiss on March 19, 2025. (ECF No. 5.) On April 10, 2025, the Court vacated the hearing because Plaintiff failed to timely file an opposition to the motion to dismiss. (ECF

/ / /

/ / /

3

1    No. 9.) The Court also ordered Plaintiff to file a physically signed copy of her Complaint.[4]

2    *Id.* On April 21, 2025, Plaintiff filed an opposition to the motion to dismiss and a signed

3    copy of her Complaint. (ECF Nos. 10, 12.) Defendant filed a reply. (ECF No. 14.) Plaintiff

4    also filed a motion to proceed in forma pauperis and a motion to file documents

5    electronically. (ECF No. 11.)

6    **II.    LEGAL STANDARDS**

7        Defendant moves to dismiss the Complaint for insufficient service, failure to state

8    a claim, and failure to name an indispensable party.

9        **A.    Pro Se Pleadings, Construction and Amendment**

10        Pro se pleadings are to be liberally construed and afforded the benefit of any

11   doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

12   claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an

13   opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

14   Cir. 2016). However, if amendment would be futile, no leave to amend need be given.

15   *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

16        To determine the propriety of a dismissal motion, the court may not consider facts

17   raised outside the complaint (such as in an opposition brief), but it may consider such

18   facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023,

19   1026 n.2 (9th Cir. 2003).

20        **B.    Failure to State a Claim under Rule 12(b)(6)**

21        A claim may be dismissed because of the plaintiff's "failure to state a claim upon

22   which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if

23   it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

24   theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering

25   whether a claim has been stated, the court must accept the well-pleaded factual

26

---

27   [4]  Defendant notes in its motion that Plaintiff failed to sign her original Complaint. Def.
     Mot. at 8. This argument is now moot because Plaintiff has since filed a signed copy of
28   her Complaint with the Court. (ECF No. 12.)

4

allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### C.    Failure to Serve Under Rule 12(b)(5)

"When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law*." Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). However, in cases removed from State court to any district court of the United States, a plaintiff may serve process upon removal if service was defective or was not attempted. *Id.* (citing 28 U.S.C. § 1448). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). A motion under Rule 12(b)(5) challenges the mode or method of service of the summons and complaint. *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Service of the summons and complaint must occur within 90 days of removing the action to federal court unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m); 28 U.S.C. § 1448; *see Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir. 2002). If a defendant is not served by this deadline, then the court must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Rule 4 is a flexible rule that should be liberally construed. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction unless there is "substantial compliance" with Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency under Rule 4. *See Brockmeyer v.*

5

1     *May*, 383 F.3d 798, 801 (9th Cir. 2004). If service of process was insufficient, a district

2     court has discretion to dismiss an action or quash service. *See S.J. v. Issaquah School*

3     *Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

4           **D.    Failure to Join a Party Under Rule 12(b)(7)**

5         Rule 12(b)(7) permits a party to move to dismiss a case for "failure to join a party

6     under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 prescribes a three-step inquiry to

7     determine whether a party is required: (1) whether the absent party is necessary; (2) if

8     so, whether it is feasible to order that absent party to be joined; and (3) if joinder is not

9     feasible, whether the case can proceed without the absent party, or whether the absent

10    party is indispensable such that the action must be dismissed. *Salt River Project Agric.*

11    *Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012); *see* Fed. R.

12    Civ. P. 19(a). In determining whether Rule 19 requires joinder of additional parties, a

13    court may consider evidence outside the pleadings. *See McShan v. Sherrill*, 283 F.2d

14    462, 464 (9th Cir. 1960). The party moving for dismissal under Rule 12(b)(7) bears the

15    burden of producing evidence in support of the motion. *Biagro Western Sales, Inc. v.*

16    *Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001).

17         Under the first step, a party may be "necessary" if: (1) in the party's absence, the

18    court cannot accord complete relief among existing parties; (2) the absent party has an

19    interest in the action and resolving the action without him may impair or impede his

20    ability to protect that interest; and (3) the absent party has an interest in the action and

21    resolving the action in his absence may leave an existing party subject to multiple or

22    inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1); *Salt River*, 672 F.3d at 1179. The

23    third step of the Rule 19 inquiry is one of "equity and good conscience" that requires a

24    "practical examination of the circumstances" and consideration of at least four interests:

25    (1) the plaintiff's interest in having a forum; (2) the defendant's interest in not proceeding

26    without the required party; (3) the interest of the non-party by examining the extent to

27    which the judgment may impair or impede its ability to protect its interest in the matter;

28    and (4) the interests of the courts and the public in complete, consistent, and efficient

settlement of controversies. *Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony v. City of Los Angeles*, 637 F.3d 993, 997, 1000 (9th Cir. 2011).

**III.    DISCUSSION**

Plaintiff brings the following claims against Defendant:  (1) violation of the California Homeowner Bill of Rights for alleged non-compliance with California Civil Code § 2923.7; (2) violation of RESPA for failing to comply with 12 U.S.C. § 2605(e) by not providing clear disclosures of costs and fees associated to the loan modification process; (3) breach of the terms of a mortgage contract; (4) violation of the FDCPA by engaging in abusive debt collection practices; and (5) fraudulent misrepresentation by relying on "robo-signed" foreclosure documents. Defendant moves to dismiss the Complaint for insufficient service, failure to state a claim, and failure to name an indispensable party.

**A.    Plaintiff Has Failed to Properly Serve Defendant Under Rule 12(b)(5)**

Defendant argues that Plaintiff's Complaint should be dismissed for insufficient service of process. Def. Mot. at 7-8. Because Plaintiff attempted service before Defendant removed the case to this federal court, the Court considers whether Plaintiff properly served Defendant under California law. *See Whidbee*, 857 F.3d at 1023.

Plaintiff alleges that Defendant is a corporation. Compl § II.2. Under California law, a corporation may be served by delivering a copy of the summons and the complaint to the designated agent or the president, chief executive officer, or head of the corporation. Cal. Civ. Proc. Code § 416.10. In lieu of personal delivery, summons may be served by leaving a copy of the summons and the complaint during usual office hours at his or her office, or usual mailing address of no physical address is known. *Id.* § 415.20(a). If the summons and complaint cannot be personally delivered, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, or usual place of business in the presence of a competent member of the household or person apparently in charge, and then mailed by first-class mail. *Id.* § 415.20(b).

Here, it appears that Plaintiff attempted to serve Defendant by email at lossmitigation@freedommortgage.com. Declaration of Jamie Mottola In Support Of Defendant's Notice of Removal, Exh. A at 32 (ECF No. 1-2). Plaintiff filed a proof of electronic service on January 9, 2025 in the Sacramento Superior Court, indicating that the "proof of electronic service" and "summons" were served on Defendant at this email address. *Id.* There is no indication that Plaintiff attempted to serve the Complaint on Defendant. Further, Defendant argues that this email address is not a designated address or agent for Defendant. Def. Mot. at 7-8. Accordingly, Plaintiff did not properly serve Defendant under California law.

Plaintiff has not met her burden to show that service was proper. In Plaintiff's opposition to Defendant's motion to dismiss, she does not address Defendant's argument about service at all. *See* Pl. Opp'n (ECF No. 10). Under Rule 4(m), if the Defendant is not served within 90 days, the action must be dismissed without prejudice or service must be ordered within a specific timeframe. Fed. R. Civ. P. 4(m). However, the Court must extend time for service upon a showing of good cause, and if good cause is not established, the Court may extend time for service upon a showing of excusable neglect. *See Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). Plaintiff has made no attempt to show good cause or excusable neglect for her failure to serve Defendant. Accordingly, the Court recommends GRANTING Defendant's motion to dismiss on this ground, and recommends that Plaintiff's Complaint be DISMISSED for failure to properly serve Defendant.

**B.    Plaintiff Fails to State a Claim Under Rule 12(b)(6)**

1.    California Homeowner Bill of Rights

Plaintiff alleges Defendant violated the California Homeowner Bill of Rights. Compl. § V.1. Specifically, Plaintiff alleges (1) Defendant violated California Civil Code section 2923.7 because she never spoke to a single point of contact; (2) Defendant did not suspend foreclosure proceedings while Plaintiff's loan modification application was under review; and (3) Defendant violated section 2924.17 by "robo-signing" foreclosure

1   filings. *Id.* For the second claim, Plaintiff cites to a regulation under RESPA. Therefore,

2   the Court will discuss that claim in the RESPA section.

3          The Court notes that Plaintiff has not responded to Defendant's arguments in its

4   motion to dismiss Plaintiff's claims under the California Homeowner Bill of Rights. *See*

5   Pl. Opp'n (ECF No. 10). Plaintiff's non-opposition constitutes an abandonment of the

6   claim. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (collecting

7   cases); *El v. San Diego Unified Sch. Dist.*, 2021 WL 3240298, at *2 (S.D. Cal. June 29,

8   2021). Courts generally dismiss claims with prejudice "where a plaintiff simply fails to

9   address a particular claim in its opposition to a motion to dismiss that claim." *Homsy v.*

10  *Bank of Am., N.A.*, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013). Therefore,

11  Plaintiff's claims under the California Homeowner Bill of Rights should be dismissed with

12  prejudice. *See id.* Even if Plaintiff did oppose this portion of Defendant's motion to

13  dismiss, Plaintiff's claims still fail on the merits as discussed below.

14                    a.      *California Civil Code section 2923.7*

15         Plaintiff alleges that Defendant violated California Civil Code section 2923.7

16  because Plaintiff never spoke to the single point of contact she was assigned. Compl. at

17  § I.A. Under section 2923.7, "the mortgage servicer shall promptly establish a single

18  point of contact and provide to the borrower one or more direct means of communication

19  with the single point of contact" when a borrower requests a foreclosure prevention

20  alternative. Cal. Civ. Code § 2923.7(a). Section 2923.7(b) lists the single point of

21  contact's responsibilities. A material violation of section 2923.7 is "one that affected the

22  borrower's loan obligations, disrupted the borrower's loan-modification process, or

23  otherwise harmed the borrower." *Morris v. JPMorgan Chase Bank, N.A.*, 78 Cal. App.

24  5th 279, 304 (2022).

25         Here, Defendant argues that Plaintiff's claim fails because Plaintiff alleged that

26  she *was* assigned a single point of contact, which does not support a violation. *See* Def.

27  Mot. at 9. Plaintiff has not alleged that the single point of contact failed to perform his or

28  her statutory duties or alleged that any potential violation was material. *See Morris*, 78

1  Cal. App. 5th at 304. Therefore, Plaintiff fails to state a claim for a violation of California

2  Civil Code section 2923.7, and this claim against Defendant should be dismissed.

3                *b.       California Civil Code section 2924.17*

4       Plaintiff alleges that California Civil Code section 2924.17 "requires servicers to

5  ensure accuracy in foreclosure filings" and "[r]obo-signing violates this requirement."

6  Compl. § 5.1.D. Section 2924.17 sets forth requirements that certain filings—

7  declarations, affidavits, notices of default—"be accurate and complete and supported by

8  competent and reliable evidence," among other considerations. Cal. Civ. Code

9  § 2924.17. Plaintiff has not elaborated as to how Defendant violated this section or

10  alleged specific facts in support. Accordingly, Plaintiff's claim under this section should

11  be dismissed for failure to state a claim.

12            2.   <u>Real Estate Settlement Procedures Act ("RESPA")</u>

13                *a.       12 U.S.C. § 2605(e)*

14       Plaintiff alleges that Defendant violated RESPA, and cites 12 U.S.C. § 2605(e).

15  Compl. § V.2.A. Plaintiff alleges that Defendant failed to provide clear disclosures of

16  costs and fees associated with the modification process, "particularly in regard to the

17  handling of borrower inquires, error resolution, debt validation and accounting for

18  payments" as Plaintiff requested via email. *Id.* Plaintiff states that Defendant was

19  required to investigate and resolve Plaintiff's disputes within thirty business days. *Id.*

20  § V.2.B. Defendant argues that RESPA does not apply to loss mitigation, and Plaintiff

21  emailed a qualified written request to Defendant instead of sending it to the designated

22  address. Def. Mot. at 12-13.

23       12 U.S.C. § 2605(e) provides that if a "servicer" of a federally related mortgage

24  loan receives a "qualified written request" from the borrower for information related to the

25  servicing of the loan, the servicer shall provide a written response within five days unless

26  action is taken within that time. 12 U.S.C. § 2605(e)(1)(A). The term "servicing" means

27  "receiving any scheduled periodic payments from a borrower pursuant to the terms of

28  any loan, . . . and making the payments of principal and interest and such other

1   payments with respect to the amounts received from the borrower as may be required

2   pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A qualified written request is a

3   written correspondence that includes the name and account of the borrower and a

4   statement of the reasons for the belief of the borrower that the account is in error or

5   provides sufficient detail to the servicer regarding other information sought by the

6   borrower. *Id.* § 2605(e)(1)(B).

7       Defendant argues that Plaintiff's qualified written request was related to loan

8   modification, and not related to servicing of the loan as required under § 2605(e). Def.

9   Mot. at 12. Here, Plaintiff states that Defendant "fail[ed] to provide clear disclosures of

10  costs and fees associated with the modification process, particularly in regard to the

11  handling of borrower inquiries, error resolution, debt validation and accounting for

12  payments." Compl. § V.2.A. In Plaintiff's opposition, she states that Defendant failed to

13  respond appropriately to inquiries regarding payment application, status of her account,

14  and handling of escrow, which she alleges falls within the scope of servicing. Pl. Opp'n

15  at 2. However, Plaintiff does not sufficiently allege that her requests were related to

16  payments pursuant to the terms of the loan. *See Medrano v. Flagstar Bank, FSB*, 704

17  F.3d 661, 666-67 (9th Cir. 2012) (stating that servicing does not include "transactions

18  and circumstances surrounding a loan's origination"; and "distinguish[ing] between

19  letters that relate to borrowers' disputes regarding servicing . . . and those regarding the

20  borrower's contractual relationship with the lender").

21      Defendant also argues that Plaintiff did not send her qualified written requests to

22  the proper address. Def. Mot. at 13-14. A servicer may establish an address that a

23  borrower must use to request information. *See* 12 C.F.R. § 1024.36(b). Defendant states

24  that letters provided to Plaintiff stated that all qualified written requests must be sent to a

25  certain address. Def. Mot. at 14. Plaintiff alleges that she emailed her requests to

26  Defendant. Compl. § V.2.A. Accordingly, it does not appear that Plaintiff complied with

27  the requirements to send a qualified written request to a specific address.

28      Therefore, Plaintiff has failed to state a claim under section 2605(e) because

11

1    Plaintiff has not alleged that she requested information about servicing from Defendant

2    and because Plaintiff did not mail her requests to the appropriate address. The RESPA

3    claim should be dismissed with leave to amend to the extent Plaintiff can allege

4    additional facts supporting her claim to correct the deficiencies.

5                          *b.*      *Suspension of Foreclosure Proceedings*

6            Plaintiff alleges that under 12 C.F.R. § 1024.41, Defendant was required to

7    suspend foreclosure proceedings while Plaintiff's loan modification application was

8    under review. Compl. § V.1.C. This is a section of RESPA, not the Homeowner Bill of

9    Rights, but Plaintiff has included this allegation under the Homeowner Bill of Rights

10   heading. Defendant interprets this as a claim under the Homeowner Bill of Rights and

11   cites to California Civil Code section 2924.11. Def. Mot. at 9. However, the statute

12   Defendant cites does not correspond to the language quoted. It appears California Civil

13   Code section 2924.11 was amended in 2019, and the language Defendant quoted may

14   be from an older version of the statute.[5] Defendant acknowledges that Plaintiff does not

15   cite this California provision, but states there are similarities between 12 C.F.R.

16   § 1024.41 and the statute Defendant analyzes. *See* Def. Mot. at 10 n.6. Because

17   Plaintiff cites a specific regulation, and because it is unclear what statute Defendant is

18   referring to in its motion, the Court will analyze Plaintiff's claim under the regulation she

19   cited.

20           In her opposition, similar to the Homeowner Bill of Rights claims, Plaintiff does not

21   address this regulation or Defendant's arguments about California Civil Code section

22   2924.11. *See* Pl. Opp'n. Plaintiff's non-opposition constitutes an abandonment of the

23   claim. *See Moore*, 73 F. Supp. 3d at 1205; *El*, 2021 WL 3240298, at *2. Therefore,

24   Plaintiff's claim under 12 C.F.R. § 1024.41 should be dismissed with prejudice. *See*

25   *Homsy*, 2013 WL 2422781, at *5. Even if Plaintiff did oppose this portion of Defendant's

26   motion to dismiss, Plaintiff's claims still fail on the merits as discussed below.

27   _____

28   [5]   The language in California Civil Code section 2923.6(c) is similar to the language
     Defendant quotes, but is not identical.

A borrower may enforce the provisions of 12 C.F.R. § 1024.41 pursuant to section 6(f) of RESPA, 12 U.S.C. 2605(f). 12 C.F.R. § 1024.41(a); *see Mazzone-Urie v. One West Bank FSB*, 2024 WL 4894288, at *5-6 (N.D. Cal. Nov. 25, 2024) (analyzing plaintiff's alleged violations of 12 C.F.R. § 1024.41(g)). Under 12 C.F.R. § 1024.41, if a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, but more than 37 days before a foreclosure sale, a servicer shall not move for a foreclosure judgment or order of sale unless certain requirements are met. 12 C.F.R. § 1024.41(g). These requirements include that the servicer has sent the borrower a notice that the borrower is not eligible for any loss mitigation option and the appeal process is not applicable, the borrower rejects all loss mitigation options offered, or the borrower fails to perform under an agreement on a loss mitigation option. 12 C.F.R. § 1024.41(g)(1)-(3).

Here, Plaintiff alleges that she requested a loan modification, and Defendant offered her three options. Compl. § IV.2, 3. She further alleges she received a letter that her application was complete on May 30, 2024. Compl. IV.3. However, Plaintiff has not provided sufficient facts to demonstrate the other requirements under 12 C.F.R. § 1024.41(g). For example, Plaintiff has not alleged that she submitted her complete application more than 37 days before the foreclosure sale. There is also no information provided about whether Plaintiff rejected or accepted the loss mitigation options offered, or if she failed to perform under an agreement on a loss mitigation option. Accordingly, Plaintiff has failed to state a claim under 12 C.F.R. § 1024.41(g) and her claims should be dismissed with prejudice for failure to oppose Defendant's arguments in their motion to dismiss.

        3.    <u>Breach of Contract</u>

        *a.*    *Legal Standards*

The elements of a claim for breach of contract are: (1) an existing contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

1   (4) damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

2                        *b.*    *Analysis*

3       Plaintiff alleges that Defendant breached terms of a mortgage contract by failing

4   to follow applicable foreclosure procedures and engaging in robo-signing. Compl.

5   § V.3.A. Defendant argues that Plaintiff has not identified the specific provisions that

6   Defendant allegedly breached. *See* Def. Mot. at 14.

7       Here, Plaintiff has failed to state a breach of contract claim. Plaintiff has not

8   alleged that she performed under the contract or that her nonperformance was excused.

9   Plaintiff also has not sufficiently alleged that Defendant breached the terms of an

10   existing contract. Plaintiff's allegations that Defendant failed to follow applicable

11   foreclosure procedures are insufficient to state a claim. Therefore, Plaintiff's breach of

12   contract claim should be dismissed with leave to amend to the extent she can allege

13   additional facts to support her claim.

14              4.    Fair Debt Collection Practices Act

15       Plaintiff alleges that Defendant violated the FDCPA, specifically 15 U.S.C.

16   sections 1692d, 1692e, and 1692f. Compl. § 4.A. Plaintiff alleges Defendant engaged in

17   abusive debt collection practices by foreclosing on Plaintiff's home and making false

18   threats about Defendant's "obligation to the modification process." *Id.*

19       Defendant argues that Plaintiff does not allege that Defendant is a debt collector.

20   Def. Mot. at 15. To state a claim under the FDCPA, Plaintiff must show: (1) she is a

21   consumer under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered

22   into for personal purposes; (3) Defendant is a debt collector under 15 U.S.C. § 1692a(6);

23   and (4) Defendant violated a provision of the FDCPA. *See Alonso v. Blackstone*

24   *Financial Group LLC*, 962 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013).

25       The Court agrees with Defendant. Plaintiff does not sufficiently allege that

26   Defendant is a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6). Plaintiff

27   makes no allegations in the Complaint regarding whether Defendant is a debt collector.

28   *See* Compl. Accordingly, Plaintiff has failed to state a valid FDCPA claim against

1    Defendant.

2          Also, Plaintiff fails to state a FDCPA claim under any of her specific causes of

3    action. First, Plaintiff alleges that Defendant "engaged in conduct that harassed,

4    oppressed, or abused Plaintiff through threats and improper communications" in violation

5    of 15 U.S.C. § 1692d. Compl. § V.4.A.

6          The Complaint does not sufficiently state a claim for relief under 15 U.S.C.

7    § 1692d because without further facts, it is not clear to the Court how Defendant's

8    behavior amounts to abusive, harassing, and/or oppressive conduct as required by the

9    FDCPA. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227 (E.D. Cal.

10   2010) ("Although there is no bright-line rule, certain conduct generally is found to either

11   constitute harassment, or raise an issue of fact as to whether the conduct constitutes

12   harassment, while other conduct fails to establish harassment as a matter of law.").

13   Second, Plaintiff alleges Defendant "made false or misleading representations in the

14   course of attempting to collect the debt," violating 15 U.S.C. § 1692e. Compl. § V.4.A.

15   The Complaint does not sufficiently state a claim for relief under 15 U.S.C. § 1692e

16   because Plaintiff only provides conclusory allegations that Defendant made false or

17   misleading representations and does not provide sufficiently specific facts to support her

18   claim. *See* Compl. Finally, Plaintiff alleges Defendant "employed unfair or

19   unconscionable means to collect a debt, including using falsified or incomplete

20   documentation, such as robo-signed foreclosure documents, to support debt collection

21   activities" in violation of 15 U.S.C. § 1692f. The Complaint does not sufficiently state a

22   claim for relief under 15 U.S.C. § 1692f because it is not clear to the Court how these

23   actions support that Defendant as a "debt collector" used "unfair or unconscionable

24   means to collect or attempt to collect any debt" as stated by 15 U.S.C. § 1692f. Further,

25   Plaintiff only provides conclusory statements and does not support her allegations with

26   sufficiently specific facts to state a claim. *See Paulsen*, 559 F.3d at 1071. Based on the

27   above, the Court finds Plaintiff has failed to state a claim under the FDCPA and

28   recommends that Plaintiff's FDCPA claims be dismissed with leave to amend.

5.    Fraudulent Misrepresentation

Plaintiff brings a claim against Defendant for fraudulent misrepresentation, alleging Defendant relied on robo-signed foreclosure documents, and failed to review the validity of the foreclosure itself. Compl. V.5.A.

a.    Legal Standards

A claim of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with the particularity required by Rule 9(b), a complaint "must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (citation omitted). When the defendant is an entity, a complaint generally must also identify the person who made the false representations on behalf of the entity. See *White v. J.P. Morgan Chase, Inc.*, 167 F.Supp.3d 1108, 1115 (E.D. Cal. 2016).

The elements of a fraudulent misrepresentation claim are (1) "the defendant represented to the plaintiff that an important fact was true"; (2) "that representation was false"; (3) "the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth"; (4) "the defendant intended that the plaintiff rely on the representation"; (5) "the plaintiff reasonably relied on the representation"; (6) "the plaintiff was harmed"; and (7) "the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Broge v. ALN Int'l, Inc.*, 2018 WL 2197524, at *4 (N.D. Cal. May 14, 2018) (citing *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 605-06 (2014)).

b.    Analysis

Here, Plaintiff fails to state a claim for fraudulent misrepresentation. Plaintiff's only allegations are that Defendant relied on robo-signed foreclosure documents and failed to review the validity of the foreclosure itself. Compl. § V.5.A. Plaintiff argues that she pled her fraud claim with particularity, claiming she identified allegedly false statements,

1    including misrepresentations regarding the validity and timing of foreclosure, the impact

2    of the false statements on Plaintiff inducing Plaintiff not to take legal action sooner, and

3    damage in the form of loss of her home. Pl. Opp'n at 4.

4         Plaintiff has not sufficiently alleged that Defendant made a false representation

5    that an important fact was true, that Defendant knew about the misrepresentation, or that

6    Defendant intended for Plaintiff to rely on the misrepresentation. *See Broge*, 2018 WL

7    2197524, at *4. Further, Plaintiff has not alleged who made the false statements or

8    provided details about what the false statements were. Accordingly, Plaintiff has failed to

9    state a fraudulent misrepresentation claim, and this claim should be dismissed with leave

10   to amend.

11        **C.    Joinder Under Rule 12(b)(7)**

12        Defendant argues that Plaintiff has failed to name an indispensable party and the

13   Complaint should be dismissed. Def. Mot. at 17. Defendant states Plaintiff has not

14   named the purchaser of the property as a defendant, and her requested relief includes

15   "injunctive relief to rescind the foreclosure sale and protect Plaintiff's property rights." *Id*.

16        Here, Defendant has not met its burden to show that Plaintiff has not named an

17   indispensable party. *See Biagro Western Sales*, 160 F. Supp. 2d at 1141. Defendant

18   alleges that an "unknow third party" purchased the property, and any judgment

19   cancelling the recorded foreclosure documents "will naturally affect the rights and

20   obligations of this third party." Def. Mot. at 17. However, Defendant has not named this

21   third party or provided details demonstrating that this third party is indispensable.

22   Accordingly, the Court recommends DENYING Defendant's motion on this ground

23   without prejudice.

24        **D.    Leave to Amend**

25        If the court finds that a complaint should be dismissed for failure to state a claim, it

26   has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122,

27   1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that

28   the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at

1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

As described above, the California Homeowner Bill of Rights claim and the claim under 12 C.F.R. § 1024.41 (first claims) against Defendant cannot be cured by amendment. These claims, therefore, should be dismissed without leave to amend.

Though it seems unlikely that Plaintiff can cure the defects as to her remaining claims, because Plaintiff is pro se, leave to amend should be granted as to the following claims only: the RESPA claim (second claim); the breach of contract claim (third claim); the FDCPA claim (fourth claim); and the fraudulent misrepresentation claim (fifth claim). *See Cato*, 70 F.3d at 1106.

If Plaintiff elects to file an amended complaint, this new pleading shall be limited to the RESPA claim under 12 U.S.C. § 2605(e) (second claim); the breach of contract claim (third claim); the FDCPA claim (fourth claim); and the fraudulent misrepresentation claim (fifth claim) only. Plaintiff is granted leave to amend her complaint to the extent she can allege facts that sufficiently plead her claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

1    Cir. 1996) (affirming dismissal of a complaint where the district court was "literally

2    guessing as to what facts support the legal claims being asserted against certain

3    defendants"). The amended complaint must not require the Court to spend its time

4    "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*.

5    at 1180. The amended complaint must not require the Court and defendants to prepare

6    lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

7           Plaintiff is informed that the court cannot refer to a prior complaint or other filing in

8    order to make the amended complaint complete. Local Rule 220 requires that an

9    amended complaint be complete in itself without reference to any prior pleading. As a

10   general rule, an amended complaint supersedes prior complaint(s), and once the

11   amended complaint is filed and served, any previous complaint no longer serves any

12   function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

13   **IV.    PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND E-FILE**

14          Plaintiff has filed a motion to proceed in forma pauperis ("IFP") and to e-file

15   documents. (ECF No. 11.) Defendant Freedom Mortgage Corporation has not

16   responded to the e-filing request. *See* Docket.

17          Plaintiff requests to proceed IFP because she is currently unemployed and has no

18   income, and is unable to pay the required court fees and costs. *Id.* at 2. Defendant

19   removed this action to this Court, therefore Plaintiff was not required to pay a filing fee.

20   Accordingly, Plaintiff's motion to proceed IFP should be DENIED as moot.

21          Plaintiff also requests permission to e-file documents and states she will comply

22   with any applicable rules and procedures. *Id.* at 3. The Local Rules are clear that "any

23   person appearing pro se may not utilize electronic filing except with the permission of the

24   assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motion for

25   electronic case filing does not provide good cause for deviance from this Local Rule.

26   Thus, Plaintiff's motion to e-file is denied with respect to utilizing the CM/ECF system to

27   file documents. Plaintiff will continue to file paper documents with the Court through

28   conventional means. The motion is granted, however, with respect to electronic service

1  of documents. The Clerk of the Court is directed to configure Plaintiff's account so that

2  Plaintiff will receive email notifications when documents are filed in the case. Plaintiff

3  therefore consents to receive service of documents electronically and waives the right to

4  receive service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D).

5  **V.     CONCLUSION**

6        In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion to e-file (ECF No.

7  11) is GRANTED in part and DENIED in part. The Clerk of the Court is directed to

8  configure Plaintiff's account so that plaintiff will receive immediate email notifications

9  when documents are filed in the case.

10       Further, based upon the findings above, it is RECOMMENDED that:

11     1.     Defendant's motion to dismiss (ECF No. 5) be GRANTED in part and

12          DENIED in part; and

13     2.     Plaintiff be granted twenty-one (21) days from any order adopting these

14          findings and recommendations to file an amended complaint limited to the

15          RESPA claim under 12 U.S.C. § 2605(e) (second claim); the breach of

16          contract claim (third claim); the FDCPA claim (fourth claim); and the

17          fraudulent misrepresentation claim (fifth claim). Failure to timely file an

18          amended complaint will result in a recommendation that this action be

19          dismissed.

20       These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

22  14 days after being served with these findings and recommendations, any party may file

23  written objections with the Court and serve a copy on all parties. This document should

24  be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

25  reply to the objections shall be served on all parties and filed with the Court within 14

26  days after service of the objections. Failure to file objections within the specified time

27  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

28  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, bern.0511.25