UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBRA A. BERNARD,

Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION, et al.,

Defendant.

Case No. 2:25-cv-00511-DAD-CSK (PS)

FINDINGS & RECOMMENDATIONS

(ECF Nos. 24, 35)

Pending before the Court is Defendants Freedom Mortgage Corporation ("Freedom Mortgage") and Nestor Solutions, LLC's ("Nestor Solutions") Motion to Strike and Dismiss the First Amended Complaint ("FAC") and Plaintiff Debra A. Bernard's Motion to Stay Related State Court Proceedings.[1] (ECF Nos. 24, 35.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file and vacated the August 25, 2026 hearing.

For the reasons that follow, the Court recommends GRANTING Defendants Freedom Mortgage and Nestor Solutions' Motion to Strike and Motion to Dismiss the FAC, DENYING Plaintiff's Motion to Stay Related State Court Proceedings, and

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

DISMISSING the FAC without leave to amend.

## I. BACKGROUND

### A. Factual Allegations[2]

Plaintiff alleges she is the sole trustee of the Drewlove Revocable Living Trust, dated July 7, 2018. FAC ¶ 10 (ECF No. 22). Plaintiff alleges on June 11, 2018, she executed a deed of trust securing a residential mortgage loan. *Id*. ¶ 19. Plaintiff alleges she was in regular compliance with her loan obligations until February 28, 2023, when she fell into medical and financial hardship. *Id*. ¶ 21. Plaintiff alleges in February 2024, she contacted Defendant Freedom Mortgage to request a hardship loan modification. *Id*. ¶ 22. Plaintiff alleges Defendant Freedom Mortgage subsequently acted in a campaign of "paperwork bombardment" and issued several "unexplained modification and trial packages" while ignoring Plaintiff's written protest. *Id*. ¶ 23. Plaintiff alleges the modification packages increased her interest from 3.875 to 7 percent and increased her monthly payment from $1,842.71 to $2,784.09. *Id*. ¶ 25. Plaintiff subsequently alleges that Defendant Nestor Solutions engaged an unauthorized foreclosure and sold Plaintiff's property to Defendant Milpitas Realty, Inc. *Id*. ¶ 30.

### B. Procedural Posture

Plaintiff commenced this action by filing the Complaint in Sacramento County Superior Court on January 6, 2025. (ECF No. 1-2.) Defendant Freedom Mortgage Corporation removed this action to federal court on February 12, 2025. (ECF No. 1.) On March 19, 2025, Defendant Freedom Mortgage Corporation moved to dismiss the Complaint. (ECF No. 5.) On August 18, 2025, the Court recommended granting Defendant's motion to dismiss in part and denying in part. (ECF No. 15.) Plaintiff was granted leave to amend on her Real Estate Settlement Procedures Act ("RESPA") claim

---

[2] These facts primarily derive from the FAC (ECF No. 22), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

under 12 U.S.C. § 2605(e), breach of contract claim, Fair Debt Collection Practices Act ("FDCPA") claim, and fraudulent misrepresentation claim only. *Id*. at 18. On March 16, 2026, the Court's findings and recommendations were adopted in full by the district court. (ECF No. 18.)

On June 1, 2026, Plaintiff filed the FAC, naming new defendants Nestor Solutions, Milpitas Realty, Inc., and Tony Duong. (ECF No. 22.) On June 4, 2026, Plaintiff filed a Notice of Related State Court Action and Motion to Stay Related State Court Proceedings. (ECF Nos. 23, 24.) On July 9, 2026, Defendants Milpitas Realty, Inc. and Duong answered the FAC, and later filed an Amended Answer on July 30, 2026. (ECF Nos. 34, 44.) On July 14, 2026, Defendants Freedom Mortgage Corporation and Nestor Solutions, LLC filed a motion to dismiss the FAC with a hearing noticed for August 17, 2026. (ECF No. 35.) Plaintiff timely opposed the motion on July 17, 2026 and Defendants Freedom Mortgage and Nestor Solutions replied on July 24, 2026. (ECF Nos. 8, 40.) On August 14, 2026, the Court vacated the August 25, 2026 hearing pursuant to Local Rule 230(g) and submitted the motion on record. (ECF No. 47.) On September 21, 2026, after identifying that Plaintiff failed to sign the FAC, the Court ordered Plaintiff to file a physically signed copy of the FAC. (ECF No. 48.) Plaintiff was warned that any future filings not physically signed by Plaintiff will be disregarded and stricken. *Id*. On September 23, 2026, Plaintiff timely filed a signed FAC, but inadvertently omitted multiple pages. (ECF Nos. 49, 51.) Accordingly, the Court directed the Clerk's Office to correct Plaintiff's error by filing Plaintiff's signature page to the FAC dated June 1, 2026. (ECF No. 51.) Briefing is now complete.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th

Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Motion to Strike**

Rule 12(f) grants the district court with authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**C. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## III. DISCUSSION

The FAC raises (1) a Violation of the California Homeowner Bill of Rights claim against Defendants Freedom Mortgage and Nestor Solutions; (2) a violation of RESPA under Sections 2605, 1024.35, and 1024.41 against Defendant Freedom Mortgage; (3) a violation of the Federal Fair Housing Act ("FHA") under 42 U.S.C. § 3604(f) against all Defendants; (4) a violation of Plaintiff's protected property rights under 42 U.S.C. § 1982 against all Defendants; (5) a wrongful foreclosure claim against all Defendants; (6) a negligence claim against all Defendants; and (7) a violation of California's Unfair Competition Law ("UCL") claim against all Defendants. FAC ¶¶ 44-77. Defendants Freedom Mortgage and Nestor Solutions move to strike all claims besides Plaintiff's Section 2605 RESPA claim for failure to seek the Court's leave before amending. Defs. Mot. at 12-13 (ECF No. 35). Defendants Freedom Mortgage and Nestor Solutions also move to dismiss the FAC for violating the Court's order under Federal Rule of Civil Procedure 41(b), Local Rule 110, and Federal Rule of Civil Procedure 11. *Id*. at 13-14. Defendants Freedom Mortgage and Nestor Solutions also move to dismiss each cause of action for failure to state a claim. *Id*. at 15-25. Defendants also argue Plaintiff does not have standing to represent the Drewlove Revocable Trust dated July 7, 2018. *Id*. at 25-26. Because the Court recommends granting Defendants' Motion to Strike and Motion to Dismiss the FAC without leave to amend, it declines to address the remaining

arguments.

Separately, Plaintiff filed a Motion to Stay Related State Court Proceedings. (ECF No. 24.) No Defendant opposed Plaintiff's motion, however, because the Court recommends dismissal of the FAC without leave to amend, the Court recommends Plaintiff's Motion to Stay be denied as moot.

**A. Defendants Freedom Mortgage Corp. and Nestor Solutions, LLC's Motion to Strike**

Defendants Freedom Mortgage and Nestor Solutions move to strike Plaintiff's (1) California Homeowner Bill of Rights claim; (2) RESPA claims under 12 C.F.R. § 1024.41 and 1024.35; (3) FHA claim under 42 U.S.C. § 3604(f); (4) violation of protected property rights under 42 U.S.C. § 1982; negligence claim; and (7) UCL claim. Def. Mot. at 11-13. Defendants argue that the Court's granting of leave to amend was limited to Plaintiff's RESPA claim under 12 U.S.C. § 2605(e), breach of contract, FDCPA, and fraudulent misrepresentation claims only. *Id*. at 12-13. Defendants argue that Plaintiff impermissibly raised her California Homeowner Bill of Rights claim and her RESPA claim under 12 C.F.R. § 1024.41 after they were dismissed from this action with prejudice. *Id*. Further, Defendants argue Plaintiff needed to seek leave of court before adding her new claims. *Id*.

Federal Rule of Civil Procedure 15 provides that a party may amend their pleading "once as a matter of course no later than 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. Civ. P. 15(a)(1). In all other situations, a party may amend their pleading only with leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). "Were [*sic*] a prior court order granted limited leave to amend, district courts in this circuit generally strike or dismiss new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend." *White v. City of W. Sacramento*, 2022 WL 16748701, at *2 (E.D. Cal. Nov. 7, 2022) (citing *Benton v. Baker Hughes*, 2013 WL 335636, at *3 (C.D. Cal. June 30, 2013); *Espino v. Walgreen Co.*,

2016 WL 931098, at *3-4 (E.D. Cal. Mar. 11, 2016)). The Court's order granting Plaintiff leave to amend to file the FAC provided as follows: "If Plaintiff elects to file an amended complaint, *this new pleading shall be limited to* the RESPA claim under 12 U.S.C. § 2605(e)…; the breach of contract claim…; the FDCPA claim…; and the fraudulent misrepresentation claim… only." 8/18/2025 Order and Findings and Recommendations at 18 (ECF No. 15), *adopted by* 3/16/2026 Order at 2 (ECF No. 18) (emphasis added).

Plaintiff did not seek leave of court before filing her additional claims in the FAC. *See* Docket. Additionally, Plaintiff's Homeowner Bill of Rights claim and RESPA claim under Section 1024.41 were dismissed from the original Complaint without leave to amend. 8/18/2025 Order and Findings and Recommendations at 9, 13, *adopted by* 3/16/2026 Order at 2. Plaintiff's Opposition briefly addresses Defendants' argument and contends that as a pro se Plaintiff "she was required to lay out the entire transactional and procedural history," and that "many of the alleged facts and claims" developed after the filing of the original Complaint. Pl. Opp. at 20-21 (ECF No. 38). The Court finds Plaintiff's arguments for filing unauthorized claims, some previously dismissed without leave to amend, unavailing and vague.

Additionally, the Court acknowledges that Defendants Milpitas Realty, Inc. and Duong have answered the FAC (ECF No. 44), however none of the claims alleged against the two Defendants were granted leave to amend from the original Complaint and the Court may strike the claims to enforce its order. *See Kennedy v. Full Tilt Poker*, 2010 WL 398749, at *1 (C.D. Cal. Oct. 12, 2010) (dismissing an amended pleading for adding new, unauthorized claims and defendants). Thus, the newly-pled claims are outside of the scope of leave to amend and the Court recommends striking all claims aside from Plaintiff's RESPA claim under 12 U.S.C. § 2605(e), for violation of Federal Rule of Civil Procedure 15.

**B. Motion to Dismiss the FAC**

Separately, Defendants raise a motion to dismiss Plaintiff's RESPA claim under 12 U.S.C. § 2605(e), the only remaining claim in the FAC. Section 2605(e) provides that

if a "servicer" of a federally related mortgage loan receives a "qualified written request" from the borrower for information related to the servicing of the loan, the servicer shall provide a written response within five days unless action is taken within that time. 12 U.S.C. § 2605(e)(1)(A). The term "servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan,… and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A qualified written request is a written correspondence that includes the name and account of the borrower and a statement of the reasons for the belief of the borrower that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Id*. § 2605(e)(1)(B).

Just as in the original Complaint, Plaintiff has failed to plead a Section 2605(e) claim. Plaintiff's original Section 2605(e) claim alleged Defendant Freedom Mortgage Corporation failed to provide Plaintiff disclosures of costs and fees associated with her loan modification process in response to several emails dated between May 28, 2024 and November 15, 2024. Compl. at 6 (ECF No. 1-2). The Court previously found Plaintiff had failed to state a Section 2605(e) claim because she failed to provide allegations that she requested information regarding loan servicing from Defendant Freedom Mortgage Corporation and because she did not mail her requests to the appropriate address. 8/18/2025 Order and Findings and Recommendations at 12, *adopted by* 3/16/2026 Order at 2.

Defendants argue Plaintiff has failed once again to cure these pleading defects. Defs. Mot. at 17. The FAC alleges Defendant Freedom Mortgage violated Section 2605(e) by "completely ignoring" two emailed notices of error and requests for information dated May 28, 2024 and June 27, 2024. FAC ¶ 52. A review of the attached exhibits reveal that the May 28, 2024 email was a response to a hardship assistance offer and the June 27, 2024 email to loan modification documents. *See* Compl., Ex. A (ECF No. 1-2 at 47); *See* Compl., Ex. D (ECF No. 1-2 at 59-60); *see also* FAC ¶¶ 24(c),

24(h). "Requests relating to loan modification are not related to 'servicing' of the loan." *Watson v. Bank of America, N.A.,* 2016 WL 3552061, at *6 (S.D. Cal. June 30, 2016) (quoting *Smallwood v. Bank of America, N.A*., 2015 WL 7736876, at *6 (S.D. Ohio, Dec. 1, 2015). The Court agrees with Defendants that Plaintiff has failed to cure her Section 2605(e) pleading defects, as it appears Plaintiff's emailed concerns are related to the loan modification process. Plaintiff also has once again failed to allege that she mailed her requests to the appropriate address, as the FAC only refers to attached exhibits that are emails. FAC ¶ 52. In her opposition, aside from arguing that she has alleged sufficient facts to state a Section 2605 RESPA claim, Plaintiff fails to meaningfully engage with Defendants' arguments. Pl. Opp. at 6-7. Thus, the Court recommends dismissing the Section 2605(e) claim.

**C. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court provided Plaintiff with a detailed explanation of the deficiencies in her original Complaint and granted narrow leave to amend to correct those deficiencies. *See* 8/18/2025 Order and Findings and Recommendations, *adopted by* 3/16/2026 Order.

Despite this, Plaintiff has been unable to cure the deficiencies to state her claim under Section 2605(e). Accordingly, the Court finds that further amendment would be futile. The FAC should be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

**D. Plaintiff's Motion to Stay Related State Court Proceedings**

Plaintiff has separately filed a motion to stay related state court proceedings, arguing that a separate related action in Sacramento County Superior Court is seeking to distribute surplus proceeds and award attorney's fees for a foreclosure sale that is the subject of this action. Pl. Mot. Stay at 2 (ECF No. 24). The Anti-Injunction Act under 28 U.S.C. § 2283 prohibits a federal injunction of state court proceedings unless it falls within three narrow exceptions: (1) if expressly authorized by Congress; (2) if necessary in aid of the court's jurisdiction; or (3) if to protect or effectuate its judgments. 28 U.S.C. § 2283. "Even if there was some question about the possibility of interference with the injunction '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Brother Records, Inc. v. Jardine*, 432 F. 3d 939, 945 (9th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970)). However, the Court need not reach the merits of Plaintiff's motion because it recommends denial of the FAC without leave to amend. *See Lein v. Prall*, 2025 WL 359173, at *3 (D. Or. Dec. 10, 2025) (denying a Motion to Stay Related State Court Proceedings as moot where a complaint was dismissed without leave to amend). Therefore, the Court recommends denying Plaintiff's Motion to Stay Related State Court Proceedings.

**IV. CONCLUSION**

Based upon the findings above, it is RECOMMENDED:

1. Defendants Freedom Mortgage and Nestor Solutions' Motion to Strike and Motion to Dismiss the First Amended Complaint (ECF No. 35) be GRANTED;

2. Plaintiff's Motion to Stay Related State Court Proceedings (ECF No. 24) be DENIED; and

3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, bern.0511.25.mtd.fac